In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property Required for the Opening and Extending of Dickens (Franklin) Avenue, Regina Boulevard (Elsmere Place-Oak Place-Sheridan Boulevard), Far Rockaway (Atlantic) Boulevard, Gipson (Smith) Street, and for the Widening of Amstel Boulevard (Mermaid Avenue) in the Borough of Queens. LAWRENCE-CEDARHURST BANK et al., Appellants.— Appeal from a supplemental and amended final decree in a condemnation proceeding that vacates, in part, a final decree entered June 30, 1933; makes new awards in reduced amounts on new proof of value; and vacates an order of February 1, 1940, directing payment to the appellant bank of an amount representing an apportionment of an award directed by the 1933 decree. Insofar as the decree is appealed from by the Lawrence-Cedarhurst Bank, it is reversed on the law and the facts, with costs, and the relief sought in the petition with respect to that appellant is denied, with costs. Insofar as the decree is appealed from by the executors of the last will and testament of Kathryn W. Caffrey, deceased, it is modified on the law and the facts by fixing the award for the taking of the land of said appellants at the sum of $3,268.75, plus interest from the date of vesting of title, and by providing that the payment of the award and interest thereon is subject to a deduction of $546.57, assessment for benefit, and to no other deductions. As so modified, the decree, insofar as appealed from, is unanimously affirmed, with costs to appellant executors, and the matter is remitted to Special Term for the entry of a decree accordingly. Under the facts and circumstances disclosed by this record, the correction of the final decree entered June 30, 1933, should have been limited to the exclusion therefrom of the lands situated in Nassau County and of the awards therefor. The apportionment of the damages for the taking of that part of the Caffrey parcel situated within the city of New York should have been made on the basis of the awards previously made. Data for such apportionment were conveniently at hand and such apportionment could have readily been made. For that purpose, it was not necessary or proper to vacate the whole of the previous proceedings. Insofar as the appellant bank is concerned, the order of February 1, 1940, is a final determination, binding on the parties and on the court. Close, P. J., Carswell, Johnston, Adel and Lewis, JJ., concur.